Johnson, J.
delivered the opinion of the court.
The plaintiffs were factors, and the defendant’s house drew on them, in anticipation of produce to be and conveyed to them. These drafts were accepted and paid to the amount of $7003 75, and out of this state of facts, two questions arose in the Circuit Court. 1st, whether the plaintiffs were enti-to interest on these advances; and 2nd, whether “they are entitled to a commission of two and a half per cent, on the advances made.
As to the first, there is no difficulty — it is the common case ef money lent, and the plaintiffs are clearly entitled to interest. The charge of commissions on the advances, was attempted to be supported by usage, but in this, the plaintiffs failed: two witnesses only, were sworn, Mr. Coggeshall and Mr. Cannon. The first had known instances in which they were charged, and others in which they were not, and “ considered the charge correct.” The other had dealt largely with factors, and never paid commissions on advances, and they were not usually charged; so that no usage was proved. In addition to this, it strikes me very forciby, that this charge tends very strongly to usury; for if it be allowed, it is obvious that it might and would be used as a means of evading the statute. I doubt therefore, whether the usage could be supported, however strong the proof might be, as it would operate to countervail a positive law; but it is not intended to conclude this question, if a proper case should be made.
In any view of the case, it is apparent the verdict is wrong, according to the facts conceded on the trial. The plaintiffs, as above stated, had advanced for the defendant, the sum of $7003 75, and it is admitted that they have been reimbursed the sum of $6633, and no more, leaving a balance due the plaintiffs, of *401 $370 75, exclusive of interest on the advances, and the verdict is for $217 33. It would appear from the grounds of the motion, that the jury were led to this result by allowing the defendant interest on balances in the plaintiffs’ hands, but it does not appear from the report, that there was at any time, any balance m fa- . vour of the defendant, but on the contrary, that the plaintiffs were always in advance. But supposing the first to be true, that a balance was at any time, in the hands of the plaintiffs, that does not per se entitle the defendant to interest. As factors, the plaintiffs were the defendant’s agents to sell his produce and receive the proceeds, and to pay them over upon demand made. If the bare possession of his funds was sufficient to charge them with interest, every Bank which received a money deposit, would be equally liable, and so of every one who lent his friend, the use of his money chest. They are clearly not liable.
Wilkins, for the motion.
Dargan, contra.
Motion granted,
O’Neall & Harper, Js concurred.